UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLEANAIR SOLUTIONS, INC.                    CIVIL ACTION

VERSUS                                      NO. 26-437

HEALTHEON, INC.                             SECTION: "J"(5)

## ORDER AND REASONS

Before the Court is a *Motion to Remand or Open Discovery for Limited Purposes* **(Rec. Doc. 5)** filed by Plaintiff CleanAir Solutions, Inc. ("CAS"). Defendant Healtheon, Inc. filed an opposition in response. (Rec. Doc. 6). CAS replied. (Rec. Doc. 8). Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

This case arises from an alleged breach of contract, but the narrow issue here is service. Plaintiff CleanAir Solutions, Inc. ("CAS") is a California corporation with its principal place of business in California. Defendant Healtheon Inc. is an Alabama corporation with its principal place of business in New Orleans, Louisiana. Its registered agent for service of process is Healtheon's CEO, Jasmeet Walia. On February 18, 2026, CAS filed a petition to vacate a $2,039,562.31 arbitration award in Orleans Parish Civil District Court. On February 27, a sheriff's deputy arrived at Healtheon's principal place of business and handed the service documents to a Healtheon employee. That same day, Healtheon removed this suit to federal court. On March 23, CAS filed their motion to remand this matter to state court, arguing

1

that Healtheon improperly removed this case because it was served before removal. Alternatively, CAS asks that this Court open limited discovery to depose the sheriff's deputy.

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).

Completely diversity of citizenship exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person who is a citizen of the United States and domiciled in a state is a citizen of that state. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). For purposes of diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation and (2) the state in which its principal place of business is located. 28 U.S.C. § 1332(C)(1).

In addition to complete diversity, § 1332(a) requires that the amount in controversy exceed $75,000. When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

2

**DISCUSSION**

The Court finds that there is complete diversity between the parties and that the amount in controversy exceeds $75,000. The crux of this matter is service.

CAS claims that they properly served Healtheon through its registered agent for service of process at its principal place of business. In support, they offer Deputy Keisha Pope's return of service and an "informal interview" between Deputy Pope and CAS's counsel whereby Deputy Pope explained that she entered Healtheon's principal place of business, asked for Jasmeet Walia by name, a person identified himself as Jasmeet Walia, and she served the necessary documents on that person. (Rec. Doc. 5-1, at 3).

Healtheon tells a very different story. Healtheon claims that Deputy Pope arrived at its office and walked up to the reception window. She then conversed with Angel Miranda, Healtheon's quality control manager. Miranda then left the reception window to retrieve Jasmeet Walia in his back office. However, Miranda determined that Walia was unavailable to accept the service documents. Miranda then returned to the reception window and explained to the deputy that Walia was unavailable. Deputy Pope then handed Miranda the service documents, without asking him to sign anything, and immediately left Healtheon's office. In support, Healtheon provides (1) a declaration from Miranda who asserts that he accepted the service documents after determining that Walia was unavailable, (2) a declaration from Walia who asserts that he was never personally served with the service documents, and (3) time-stamped security footage from inside Healtheon's office during Deputy Pope's visit.

3

Under the forum defendant rule, a civil action that is removal solely based on diversity jurisdiction "may not be removed if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). (emphasis added). However, the Fifth Circuit recognizes an exception to this rule, known as "snap removal," whereby any defendant, including a forum defendant, may remove the civil action to federal court before they are properly served. *Anaya v. Schlumberger Tech. Corp.*, No. 24-20170, 2024 WL 5003579, at *3 (5th Cir. Dec. 6, 2024); *see also Am. Com. Barge Line LLC* v. *Assoc. Terminals, LLC*, No. 24-169, 2024 WL 2252687, at *2 (E.D. La. May 17, 2024) (holding that "the forum-defendant rule, 28 U.S.C. § 1441(b)(2), does not prohibit snap removal by a forum defendant.") The dispositive issue before the Court, therefore, is whether CAS properly served Healtheon.

"[F]ederal courts in removed cases look to the law of the forum state to determine whether service of process was perfected prior to removal." *Foster v. ResCare, Inc.*, No. 16-670, 2016 WL 3388387, at *1 (E.D. La. June 20, 2016) (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). Under Louisiana law, service on a corporation must ordinarily be made by personal service on its registered agent. La. Code Civ. Proc. Ann. art. 1261(A). Still, Louisiana law allows service on any of the corporation's employees at the corporation's principal place of business if the person attempting service certifies that they are unable to serve the registered agent after due diligence. *Id.* art. 1261(B).

Under Louisiana law, "a sheriff's return of service of process 'shall be considered *prima facie* correct.'" *Hall v. Folger Coffee Co.*, 03–1734 (La. 04/14/04), 874 So. 2d 90, 96. (quoting La. Code Civ. Proc. Ann. art. 1292). However, this presumption can be rebutted by a preponderance of the evidence. *Id.* at 97. "Accordingly, the party attacking service must prove that, more probably than not, proper service was not made." *Id.*

The Court finds that Healtheon meets its burden. In support of service, Healtheon provides two sworn affidavits: one from Miranda and one from Walia. Both Miranda and Walia declare under penalty of perjury that Deputy Pope did not serve Walia. Further, time-stamped security footage from inside Healtheon's office directly contradicts CAS' version of events and supports Healtheon's. The footage shows Deputy Pope enter the reception area of Healtheon's office. Miranda then retreats from the reception area empty-handed and goes to the back of the office, presumably to retrieve Walia. Miranda then returns to the reception area unaccompanied. A few moments later, Deputy Pope leaves the office while Miranda retreats to the back of the office with the service documents in his hand.

The video clearly establishes that CAS did not serve Healtheon's registered agent for service of process, as it was required to do under Louisiana law. The video also discredits CAS' claim that Miranda falsely identified himself as Walia and immediately accepted the service papers, as Miranda clearly left the reception area before returning and accepting the documents. A deposition of Deputy Pope would not change the Court's decision, as her purported testimony would be blatantly

contradicted by the video evidence. Deputy Pope does not otherwise certify that she was unable to serve Walia after due diligence. Based on a preponderance of the evidence, the Court concludes that Defendant Healtheon was not properly served. Removal was therefore proper.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand or Open Discovery for Limited Purposes* **(Rec. Doc. 5)** is **DENIED.**

New Orleans, Louisiana this 1st day of July, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE